**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Frank John Stangel,

Plaintiff,

v.

Johnson & Madigan, P.L.L.P., et al.,

Defendants.

Civil No. 00-1670 ADM/AJB

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for leave to amend the complaint to add a claim against the present defendants and to add additional claims against additional defendants. [Docket No. 26]. Hearing was held by telephone conference on May 2, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Plaintiff Frank Stangel appeared pro se on his own behalf. Robert Salmon, Esq., appeared on behalf of the presently named defendants. Plaintiff alleges claims arising out of an interest in real property once owned by plaintiff and which was the subject of foreclosure proceedings. In his proposed amended complaint plaintiff seeks to make further allegations relating to parties and jurisdiction and tolling of the period of limitations. Plaintiff also seeks to add six additional counts against new defendants. A motion for summary judgment dismissing all current claims on statute of limitation grounds is scheduled for hearing on May 11, 2001.

Based upon the file, memorandums, affidavits, and arguments of counsel, **IT IS HEREBY ORDERED THAT** plaintiffs' motion for leave to amend the complaint is **denied** without prejudice [Docket No. 26]. Plaintiff may renew his motion for leave to amend only in



FILED MAY 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the event this action survives summary judgment.

Dated: 5/4/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff's pleadings on his motion to amend merely state that plaintiff wishes to alleges matters relating to tolling the statute of limitations and to bring in additional party defendants. Plaintiff has submitted his proposed amended complaint but offers no supporting written argument or justification for the amendment.[1] He relies substantially on the liberal amendment allowance of Fed. R. Civ. P. 15(a). The existing defendants oppose this motion with respect to claims against them, arguing that all claims are barred by the statute of limitations and are therefore futile. No argument is directly offered on behalf of the proposed new defendants, though these parties would likely enjoy the same statute of limitation protections.

Plaintiff's proposed allegations on tolling of limitations state mere factual allegations and legal conclusions which satisfy no identified pleading requirement and add no particular claim which would in itself justify relief. To the extent that facts and conclusions alleged in the pleading might be asserted in opposition to summary judgment, the information

[1] Plaintiff sought to submit a response to defendants' opposition memorandum. Local Rule 7.1(a) makes no allowance for a reply brief and a responsive pleading is not permitted in the absence of specific permission from the Court. Plaintiff submitted documents by FAX transmission during the early morning hours on the day of the scheduled hearing. The materials are not considered with respect to this motion.

can be conveyed in direct argument on the motion and inclusion in the complaint will not give the underlying claims and allegations any greater significance.

Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires. The decision on whether to grant or deny motion to amend a pleading lies within the sound discretion of the court, and it is not a abuse of that discretion to deny leave to amend when granting leave is unlikely to be productive. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). The court may refuse to permit amendment to assert claims which could not survive motion to dismiss. Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989). Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 83 S.Ct. 227, 230 (1962). In this instance the motion for leave to amend the complaint is untimely in light of defendant's pending motion for summary judgment based upon the same allegations which are now argued to demonstrate futility. Furthermore, plaintiff can present the same proposed contentions relating to statute of limitations issues in his argument in opposition to summary judgment and he is not prejudiced by the failure to have such allegations in the complaint itself. In that regard the proposed amendment would therefore be unproductive. If the complaint survives summary judgment this decision alone will not act to bar plaintiff from renewing the present motion.

With respect to new parties in this action, it is readily apparent on the face of the proposed amended complaint that claims against the additional parties would be subject to statute of limitations defenses which are the same as or similar to those now pending. Again, the court has broad discretion in determining whether to grant leave to amend. It is the Court's conclusion

that the proposed claims against William H. Henney, Pamela Henney, LeAnn Henney and Peter Nelson would be subject to the same or similar statute of limitation defenses that have been presented on behalf of the currently named defendants, thought the effectiveness of those defenses is not yet decided. For that reason it is the Court's decision to deny plaintiff's motion for leave to amend to name additional parties without prejudice, pending the District Court's decision on the summary judgment motion. A decision favorable to defendants on motion for summary judgment would demonstrate futility with respect to claims against proposed new defendants. A decision favorable to plaintiff on the pending motion for summary judgment would satisfy the condition whereby plaintiff would be permitted to renew his motion to amend the complaint to add additional parties. The motion for leave to amend the complaint is denied at this time.