UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frank John Stangel,

Plaintiff,

v.

Johnson & Madigan, P.L.L.P. and
Michael J. Minenko,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1670 ADM/AJB

---

Frank J. Stangel appeared pro se.

Robert E. Salmon, Esq., Meagher & Geer, Minneapolis, MN, appeared for and on behalf of the Defendants.

---

## I. INTRODUCTION

The above-entitled matter came on for hearing before the undersigned United States District Judge on May 11, 2001, pursuant to Defendants' Motion for Summary Judgment [Doc. No. 18]. For the reasons set forth below, the motion is granted.

## II. BACKGROUND[1]

Plaintiff Frank J. Stangel ("Stangel"), pro se[2], brings legal malpractice claims against Defendant Johnson & Madigan, P.L.L.P. ("Johnson & Madigan"), a law firm, and one of its

[1]As required on summary judgment, the following facts are reviewed in a light most favorable to the non-movant, Stangel. *FDIC v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997).

[2]Although pro se, Stangel has prior pro se litigation experience. *See Stangel v. United States*, 68 F.3d 857 (5th Cir. 1995); *Stangel v. Parker*, 945 S.W.2d 114 (Tex. 1997); *Stangel v. Rucker*, No. C8-88-2001, 1989 WL 5638 (Minn. Ct. App. Mar. 29, 1989); *Gonsior v. Alternative Staffing, Inc.*, 390 N.W.2d 801 (Minn. Ct. App. 1986) (although unlicensed, Stangel represented a plaintiff in court); *Stangel v. Stangel*, 366 N.W.2d 747 (Minn. Ct. App. 1985); *Stangel v. Stangel*, 355 N.W.2d 489 (Minn. Ct. App. 1984).

MAY 17 2001

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 17 2001
DEPUTY CLERK

attorneys, Defendant Michael J. Minenko ("Minenko"). In 1989, Stangel became involved in a dispute with the lessees ("Lessees") of his former residence ("Residence"), Compl. ¶¶ 7-8, and retained the services of Johnson & Madigan, Compl. ¶¶ 11, 12. On January 10, 1990, the Lessees executed a judgment against Stangel and bought the Residence at a Sheriff's Execution Sale on April 6, 1990. *Id.* ¶ 9. Stangel had until April 8, 1991 to make a redemption payment on the Residence. *Petition of Nelson*, 495 N.W.2d 200, 201 (Minn. 1993); Compl. ¶ 10.

On the afternoon of April 8, 1991, Minenko, the attorney handling the matter at the law firm, received a check from Stangel for the redemption. *Id.* ¶ 16. When Minenko was unable to contact the Lessees' attorney by phone, he mailed the check to the attorney via certified mail. *Id.* ¶ 18. On April 15, 1991, the Lessees' attorney mailed the check back to Minenko as untimely. *Id.* ¶ 19. On September 18, 1991, title to the Residence was transferred to the Lessees in Hennepin County District Court. *Id.* ¶ 20. Stangel, with the help of Defendants, appealed the transfer to the Minnesota Court of Appeals, who found the redemption successful and ordered the property to be returned to Stangel. *Petition of Nelson*, No. C8-91-2350, 1992 WL 108134 (Minn. Ct. App. May 26, 1992). On March 23, 1993, the Minnesota Supreme Court reversed that decision and reinstated the Lessees' possession of the Residence. *Petition of Nelson*, 495 N.W.2d at 200-04.

On July 2, 1999, Stangel brought the present claims against Johnson & Madigan and Minenko in U.S. District Court in Texas. Pl.'s Mem. Opp. at 1. The lawsuit was dismissed in Texas for lack of personal jurisdiction over Defendants. *Stangel v. Johnson & Madigan, P.L.L.P.*, No. Civ. A.3:99-Cv-1518-D, 1999 WL 1134962 (N.D. Tex. Dec. 8, 1999). This judgment was affirmed by the United States Court of Appeals for the Fifth Circuit. *Stangel v.*

*Johnson & Madigan, P.L.L.P.*, 228 F.3d 409 (2000).

## III. DISCUSSION

Stangel's claims are barred by Minnesota's six-year statute of limitations for malpractice actions. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be awarded to a party if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. If the nonmovant fails to set forth specific facts showing a genuine issue of fact, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When examining the rebuttal evidence, a court must view it "in the light most favorable to the nonmoving party." *Bell*, 106 F.3d at 263.

In Minnesota, legal malpractice claims are governed by a six-year statute of limitations.[3] Minn. Stat. § 541.05, subd. 1(5); *Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn. 1999). The statute of limitations "begins to run when the cause of action will survive a motion to dismiss for failure to state a claim upon which relief can be granted." 590 N.W.2d at 643. When Stangel discovered his alleged malpractice claim is of no significance in Minnesota, because "the running of the statute is not tolled by ignorance of the cause of action." *Id.* Thus, Stangel's limitations period began to run April 9, 1991, when the redemption period ended without the property being redeemed.

Stangel argues that the statute of limitations is tolled while his redemption claim was appealed. While no Minnesota court has directly addressed the topic, other states are split on the issue. *Compare Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156 (Tex. 1991) (statute of

[3]Stangel's breach of contract/fiduciary duty claims, which are identical to the malpractice cause of action, fall under section 541.05's six year statute of limitations as well.

limitations in a legal malpractice case was tolled until all appeals were exhausted on the underlying suit in which the malpractice allegedly occurred); *with Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995) (appeal does not toll the statute of limitations). There is no need to address this issue of tolling in the instant case because more than six years elapsed between the Minnesota Supreme Court's final resolution of the redemption on March 23, 1993, *Petition of Nelson*, 495 N.W.2d at 201, and this lawsuit, commenced on July 17, 2000, or even the "identical" malpractice suit filed against Defendants in Texas on July 2, 1999, Pl.'s Mem. Opp. at 1. Contrary to Stangel's assertions, his Chapter 13 bankruptcy case, *Stangel v. United States*, 68 F.3d 857 (5th Cir. 1996), would not toll the statute of limitations even in tolling jurisdictions because it is not part of the lawsuit giving rise to the legal malpractice claim. *See Hughes*, 821 S.W.2d at 156.

Stangel also contends that the statute of limitations was tolled by Defendants' fraudulent concealment of the alleged malpractice. The "concealment", Stangel argues, was the Defendants' failure to inform him they had committed malpractice. However, Stangel's Complaint did not aver fraudulent concealment at all, let alone state it with particularity as is required by Rule 9(b) of the Federal Rules of Civil Procedure. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999); *J. Geils Band Employee Benefits Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir. 1996); *Evans v. Rudy-Luther Toyota, Inc.*, 39 F.Supp.2d 1177, 1185 n. 5 (D. Minn. 1999). Accordingly, Stangel may not now aver fraudulent concealment. *See* Fed. R. Civ. P. 9(b); *389 Orange St. Partners*, 179 F.3d at 662. Summary judgment is granted.[4]

---

[4]Minnesota requires all legal malpractice plaintiffs to serve on defendants an "affidavit of expert review" along with the original complaint, Minn. Stat. § 544.42 subds. 2, 3, even where the plaintiff is pro se, § 544.42 subd. 5. Stangel has failed to do so in this case.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Defendants' Summary Judgment Motion [Doc. No. 18] is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** in their entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.